UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARC OLIN LEVY,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE CO.,<br><br>    Defendant. | Case No. 5:14-cv-04116 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

On August 13, 2014, Plaintiff Marc Olin Levy ("Plaintiff") filed a Complaint in Santa Clara County Superior Court against Defendant Northwestern Mutual Life Insurance Company ("Northwestern") after unsuccessfully applying for a sales position at Northwestern. Plaintiff seeks $200,000,000 in compensatory and punitive damages against Northwestern based on the allegation that he was "illegally disqualified from employment . . . for not having a Bachelor's Degree." Northwestern removed the action to this court on September 11, 2014.

Federal jurisdiction arises under 28 U.S.C. § 1332. Presently before the court is Northwestern's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No. 11. Plaintiff did not file a timely opposition to the motion.[1]

---

[1] The court understands that Plaintiff is proceeding without legal representation and for that reason has reviewed the document he filed on October 17, 2014 (Docket Item No. 15), despite its tardiness. See Abassi v. Immigration & Naturalization Serv., 305 F.3d 1028, 1032 (9th Cir. 2002). It has not been construed as an opposition to the motion to dismiss, however, because "pro se litigants are bound by the rules of procedure" in the same manner as represented parties, and

This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for February 12, 2015, is VACATED. Having carefully considered all relevant materials, the court finds, concludes and orders as follows:

1.   A motion under Federal Rule of Civil Procedure 12(b)(6) can be granted if a plaintiff fails to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. "Well-pleaded factual allegations" are considered true (Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)), and the court construes the alleged facts in the light most favorable to the plaintiff (Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988)). The court may also consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

2.   Here, the Complaint's minimal content suggests that Plaintiff's employment discrimination claim is based either on an unspecified rule or regulation promulgated by the Financial Industry Regulatory Authority ("FINRA")[2], or on the absence of such a rule requiring that employees of member firms meet certain educational prerequisites. See Compl., Docket Item No. 1 ("I believe this to be Employment Discrimination. This is a direct violation of FINRA Code . . . ."); see also Answer to Mot. to Dismiss, Docket Item No. 15 ("Nowhere in FINRA code does it state that a candidate for employment with a FINRA regulated company can be barred from

---

Plaintiff does not explain why the document was filed two weeks after the opposition deadline set by Local Rule 7-3. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

[2] "FINRA is a self-regulatory organization that has the authority to exercise comprehensive oversight over all securities firms that do business with the public." Goldman, Sachs & Co. v. City of Reno, 747 F.3d 733, 737 (9th Cir. 2014).

employment for not having a college degree . . . ."). Plaintiff, however, cannot state a claim under FINRA regulations because they do not provide for a private right of action. Fox v. Lifemark Sec. Corp., 12-CV-6650, 2015 U.S. Dist. LEXIS 2061, at * (W.D.N.Y Jan. 8, 2015) ("FINRA does not provide a private right of action, thus even if defendants violated FINRA rules, plaintiff cannot recover . . . ."); Richman v. Goldman Sachs Group, Inc., 868 F. Supp. 2d 261, 275 (S.D.N.Y. 2012).

2.      Similarly, Plaintiff cannot state a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e, et seq., or the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940, because educational attainment is not a protected class under either statutory scheme. See EEOC v. Fed. Express Corp., 558 F.3d 842, 849 (9th Cir. 2009) (explaining that Title VII "proscribes various employment practices involving discrimination on the basis of 'race, color, religion, sex, or national origin.'"); see also Cal. Gov't Code § 12940(a) (prohibiting discrimination based on "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status . . . ."). Plaintiff also failed to allege exhaustion of administrative remedies in the Complaint, nor did he clarify that issue in the document filed in response to the Motion to Dismiss. See 42 U.S.C. § 2000e-5(b) (Title VII exhaustion requirement); see also Cal. Gov't Code § 12965(b) (FEHA exhaustion requirement). Exhaustion is a pre-condition to a claim under either section. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002); Basurto v. Imperial Irrigation Dist., 211 Cal. App. 4th 866, 879 (2012).

Based on the foregoing, the court concludes that Plaintiff has not stated a claim against Northwest. Thus, the Complaint must be dismissed under Rule 12(b)(6). Moreover, since discrimination based on educational attainment is not a cognizable legal theory under the federal and state employment discrimination statutes, the dismissal will be without leave to amend. See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."). Judgment will be entered in favor of Northwest. The Case Management Conference is VACATED and the

3

Case No.: 5:14-cv-04116 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    Clerk shall close this file.

3    **IT IS SO ORDERED.**

4    Dated:  February 9, 2015

_____
EDWARD J. DAVILA
United States District Judge

4
Case No.: 5:14-cv-04116 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS